# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RODNEY HARTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:13-cv-01499-JHE |
| ) | |
| CITIMORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On September 27, 2013, Defendant CitiMortgage, Inc. ("CitiMortgage") moved to transfer this action to the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1404(a).[1]  Doc. 9.  Section 1404(a) permits transfer of venue "[f]or the convenience of parties and witnesses" and "in the interest of justice."  Plaintiff Rodney Hartley ("Hartley") does not oppose the motion.  For the reasons stated below, the Court will transfer this action to the Middle District of Alabama, Northern Division.

### I. Plaintiff's Complaint

On August 14, 2013, Hartley initiated this action against CitiMortgage in the Northern District of Alabama, Southern Division, asserting federal and state law claims based on CitiMortgage's servicing and subsequent foreclosure of a mortgage on Hartley's property in Montgomery County, Alabama.  Doc. 1.  Hartley alleges CitiMortgage improperly applied fees to his loan, improperly handled the loss mitigation process, failed to provide proper disclosures and notices of foreclosure or acceleration, lacked standing to foreclose, and fraudulently

---

[1] CitiMortage also moves to dismiss Hartley's claims under the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA").  Doc. 10.

1

promised him the foreclosure sale had been postponed.  *Id.* at ¶¶ 15, 16, 18, 24, 38, 40.

## II. Standard for Transfer

Section 1404(a) provides "[f]or convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  The decision to transfer a case to another district is within the sound discretion of the trial court.  *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). When exercising its discretion, the court should undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 812 (1964)).

Resolution of a §1404(a) motion is a two-step process.  First, the court must determine whether the action could "originally have been brought in the proposed transferee district court," then, the court must determine whether the action should be transferred "for the convenience of the parties [and] in the interest of justice." *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005) (quoting *Folkes v. Haley*, 64 F. Supp. 2d 1152, 1155 (M.D. Ala. 1999)); *see also A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F. Supp. 2d 1290, 1309 (N.D. Ala. 2003).

## III. Analysis

### A. Whether the Action "Might Have Been Brought" in the Middle District of Alabama, Northern Division

This case could have been brought in the Middle District of Alabama, Northern Division. First, the Middle District of Alabama would have subject-matter jurisdiction under 28 U.S.C. § 1331 based on Hartley's claims under the Fair Debt Collection Practices Act and the Truth-in-Lending Act/Real Estate Settlement Procedures Act.  There is personal jurisdiction over

CitiMortgage in the Middle District, where CitiMortgage regularly conducts business and the events giving rise to and related to this litigation occurred.  *See generally Helicopteros Nacionales de Colombia, N.A. v. Hall*, 466 U.S. 408, 414 nn. 8&9, 104 S. Ct. 1868, 1872, nn. 8&9 (1984) (discussing personal jurisdiction).

Third, venue is proper in the Middle District.  28 U.S.C. § 1391(b)(2) provides venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."  Both "a substantial part of the events or omissions giving rise to the claim" and "the property that is subject of the action" were/are in Montgomery County, Alabama, and Montgomery County is within the Middle District.  Therefore, venue would have been proper in the Middle District.  The first requirement for transfer is satisfied.

### B. Convenience of the Parties and Witnesses and the Interest of Justice

The court must determine whether transfer promotes greater convenience to the parties and witnesses and advances the interests of justice.  "The analysis under § 1404(a) requires a balancing of practical considerations, which centers on convenience of the parties and witnesses, with the interest of justice, which focuses on fairness and efficiency."  *Barnhart*, 291 F. Supp. 2d at 1309.  This balancing is achieved by considering the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citations omitted).

### 1. Hartley's Choice of Forum

Because courts give deference to a plaintiff's selected forum, a defendant generally bears the burden of demonstrating the suggested forum is more convenient when moving for transfer pursuant to § 1404(a). *In re Ricoh Corp.*, 870 F.3d 570, 572 (11th Cir. 1989). Here, however, Hartley does not oppose transfer to the Middle District of Alabama, and has expressed his content with litigating this action in either forum. As such, Hartley's choice of forum is entitled to less deference in this case.

### 2. Convenience of Witnesses, Parties, and the Location of Relevant Documents/Relative Ease of Access to Sources of Proof

The greater convenience to witnesses and parties, and the location of relevant documents and easier access to other sources of proof in the Middle District, strongly supports transfer of this action. *See Lasalle Bank N.A. v. Mobile Hotel Props., LLC*, 274 F. Supp. 2d 1293, 1302 (S.D. Ala. 2003) (citing *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996) (After the plaintiff's choice of forum, the convenience of the witnesses is the primary consideration in the§ 1404 analysis.). This action revolves around property located in and events that occurred in Montgomery County, Alabama. Both the mortgage and foreclosure deed at issue were executed and recorded in Montgomery County. Docs. 9-1, 9-2. Therefore, it appears most of the potentially witnesses would be located in the Middle District. Furthermore, because the Property, most of the underlying records, and all of Hartley's documents are likely to be located in the Middle District, the relative ease of access to these documents and sources of proof also support transfer. Finally, with both Hartley and CitiMortgage's registered agent located in Montgomery County, the Middle District is more convenient for the parties.

### 3. Efficiency and the Interests of Justice

Looking to the totality of the circumstances and weighing the efficiency and the interest

of justice of litigating this case in either the Northern District or the Middle District, nothing in the record indicates litigating this case in the Middle District would be any less efficient or just than if it were litigated in the Northern District.  There is nothing to indicate Hartley would endure more hardship by litigating this case in the Middle District.  Hartley does not oppose transfer.  This action is about the servicing and foreclosure of a mortgage in Montgomery County, Alabama, and efficiency and the interests of justice support it being litigated there.

The remaining factors, the locus of operative fact, the availability of process to compel the attendance of unwilling witnesses, the relative means of the parties, and the forum's familiarity with the governing law do not weigh against transfer.  None of these factors indicate the Northern District is a more convenient or just forum than the Middle District.  Therefore, the balancing of the §1404(a) factors tilts heavily in favor of transferring this action to the Middle District.

## Conclusion

Based on the foregoing, Defendant's unopposed motion to transfer venue is GRANTED.  The Clerk of Court is DIRECTED to transfer this case to the United States District Court for the Middle District of Alabama, Northern Division.

DONE this 1st day of October 2013.

_____
JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE